G. F. DAWSON v. THE STATE.

No. 4570.   Decided February 17, 1909.

### 1.—Local Option—Charge of Court—Time of Filing Information.

Upon trial of a violation of the local option law where the evidence conclusively showed that the sale occurred prior to the institution of the prosecution, there was no error in the court's failure to charge that such sale must have occurred before the filing of the complaint.

### 2.—Same—Charge of Court—Sale.

Where the court charged that to constitute a sale both parties must assent to the sale, etc., the same was correct.

### 3.—Same—Charge of Court—Agency.

Upon trial of a violation of the local option law the court correctly charged that if the defendant acted as agent of the prosecutor and was not interested in the sale as a seller, or if there was reasonable doubt as to whether defendant sold the whisky, to acquit, the same was not on the weight of the evidence.

### 4.—Same—Intoxicating Liquor.

Where the evidence clearly established by strong circumstantial evidence that the liquor sold was whisky, the conviction was sustained.

Appeal from the County Court of Hill.   Tried below before the Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*Collins & Cummings,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and twenty days in jail.

Bill of exceptions No. 2 complains that the court erred in not charging the jury that the evidence must show that the sale alleged in the information occurred before the filing of the complaint. This is true in ordinary cases, but the evidence in this case conclusively shows that the sale did occur prior to the institution of this prosecution. If there had been any evidence suggesting that it occurred afterwards, we think it would have been reversible error not to have so charged; but under the evidence in this case we do not think it was an error authorizing a reversal of this case.

Bill No. 3 complains of the following charge of the court: "In order to constitute a sale in this case it is not necessary that the purchaser deliver to the seller the money for the whisky, but it is necessary that both parties assent to the sale and payment, if any

is made or is to be made therefor." This is a correct proposition of law and was clearly applicable to the facts of this case.

Appellant further complains of the following charge: "You are further instructed that if you believe from the evidence that the defendant acted as the agent of and for the witness Charles Hubbard in locating and in purchasing said quart of whisky and that he was not interested in the sale thereof as a seller, or if you have a reasonable doubt as to whether the defendant sold said quart of whisky to the witness Hubbard or acted as his agent in the purchase of said quart of whisky you will acquit the defendant and so say by your verdict." Appellant insists that the court placed the burden upon appellant to establish that he was not interested in the sale. We think this charge is not subject to this criticism. He was interested in the sale. The court very properly told the jury that if he sold it or was interested in selling it. Reasonable doubt is applied all through the charge and there is nothing that suggests that the burden of proving appellant's innocence was placed upon him.

Appellant insists that the evidence is insufficient to show that the commodity sold was whisky. We do not deem it necessary to collate the evidence, but it clearly establishes by potent circumstantial evidence that it was whisky, and also establishes appellant's guilt.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied, March 17, 1909.—Reporter.]