Douglas Lee GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46639.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. West-moreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of sale of a dangerous drug, to-wit: lysergic acid diethylamide; punishment was assessed by the jury at three years' confinement.

Allen Caraway, a special undercover agent for the Bureau of Narcotics and Dangerous Drugs, testified that in April of 1970 he had several telephone conversations with appellant concerning the availability for purchase of a large quantity of LSD. On April 24, 1970, Caraway received a call from appellant in which appellant notified him that he had access to 4,000 tablets that he would sell him. Caraway and appellant negotiated the price and Caraway agreed to purchase 4,000 tablets for the sum of $2,400. A meeting was arranged for that same evening at the Centennial Liquor Store right off the Northwest Highway in Dallas between Caraway, appellant and an associate of appellant. Other officers had been called to the scene but were concealed.

After appellant arrived at the agreed location, Caraway got in appellant's car and asked if they had brought "it," to which appellant replied, "yes." Caraway asked to see it and appellant's companion picked up a brown paper sack from the floorboard and took a plastic bag out of the brown sack. Appellant told Caraway that the plastic bag contained 1,000 "tabs" and that there were four plastic bags. At this point Caraway told them that he had brought the money and showed them a hundred dollar bill wrapped around some one dollar bills. Caraway testified that he used his personal funds because he did not have time to obtain any government funds to complete the transaction and that he did not intend to pay appellant. Caraway then put the money back in his pocket, and appellant and his companion handed him one of the plastic bags containing 1,000 tablets.

After inspecting the contents of the plastic bag and seeing the other three plastic bags contained in the brown paper bag, Caraway placed appellant and his companion under arrest. At this time, other officers completed the arrest and retrieved the other three bags of LSD from the front floorboard of appellant's car.

Appellant contends the evidence is insufficient to support a conviction for sale of a dangerous drug, the offense with which he was charged by indictment.

The evidence shows appellant had the intent to sell the drugs, and that he delivered the drugs. However, such intent and delivery is not sufficient to constitute a sale under Article 726d, Vernon's Ann. P.C. That statute defines "delivery" as meaning "sale, dispensing, giving away, or supplying in any other manner." However, the statute does not define sale.

The record reflects that the alleged purchaser did not have the intent nor the means to complete the sale alleged. Therefore, there was no sale. Dawson v. State, 55 Tex.Cr.R. 315, 117 S.W. 136, supports the conclusion that such facts do not constitute a sale:

"Bill No. 3 complains of the following charge of the court: 'In order to constitute a sale in this case, it is not necessary that the purchaser deliver to the seller the money for the whisky; but it is necessary that *both* parties assent to the sale and payment, if any is made or is to be made therefor.'" (Emphasis added.)

In the instant case, the indictment charged sale. Although the statute prohibits delivery or offer of delivery of any dangerous drug, and defines delivery as quoted above, where only one of various possible means is charged, evidence that the offense was committed by some other means will not suffice. Cf. 30 Tex.Jur. 2d, Indictment and Information, Sec. 63; 48 Tex.Jur.2d, Rape, Section 40. The fact that the State showed the commission of *some* offense is not sufficient where sale was charged but no sale was shown.

The State's reliance on Wright v. State, Tex.Cr.App., 471 S.W.2d 407, is misplaced. Therein it was said an indictment charging sale of a dangerous drug puts a person on notice of the crime for which he is charged. This is true; but it does not put the accused on notice of any charge for the offense of delivery by any means other than sale, nor for the offense of an offer to deliver.

The judgment is reversed and the cause remanded.