**Ex parte Thomas Henry MATHIS.**

**Nos. 62657, 62658.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1979.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are applications for writs of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Mathis was convicted in Cause No. F76–7354QM in the 194th Judicial District Court of Dallas County for the offense of forgery by passing. The punishment was assessed by the court at ten years. The indictment reads as follows:

"  .   .   .   TOM   HENRY   MATHIS hereinafter styled defendant, on or about the 16th day of October in the year of our Lord One Thousand Nine Hundred and 75 in the County and State aforesaid, did then and there unlawfully knowingly and intentionally with intent to defraud and harm, forge, by passing to Billy Jack Hubbard a writing which then and there purported to be but was not the act of E. M. Cox, said writing being of the tenor following: [instrument omitted], said defendant knowing the same to have been forged,  .   .   ."

Mathis urges that this indictment is fundamentally defective under the holdings of *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App. 1979), and *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App.1979), for its failure to allege that E. M. Cox did not authorize the act. We agree.

Petitioner was also convicted in Cause No. F76–6606QM in the same court of forgery by passing with punishment assessed by the court at ten years.

Mathis also contends that this indictment was fundamentally defective under *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979), for its failure to allege that the writing passed was the act of another "who did not authorize that act."

The indictment shows otherwise. It recites that Mathis

"  .   .   .   did unlawfully, knowingly and intentionally with intent to defraud and harm, forge, by passing to Lucille Miller a writing which then and there purported to be but was not the act of E. M. COX, *who did not authorize the act* of its execution and delivery, said writing being of the tenor following: [instrument omitted] said defendant knowing the same to have been forged,  .   .   ." (Emphasis supplied).

Accordingly, the relief sought from the judgment of conviction in Cause No. F76–7354QM is granted. The relief sought from the judgment in Cause No. F76–6606QM is denied.