**Sylvia Brown ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 63315, 63316.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 13, 1980.

John P. Knouse, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Gregory S. Long and Greg Davis, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

### OPINION

TOM G. DAVIS, Judge.

Appeals are taken from orders revoking probation.

On November 4, 1977, in a trial before the court, appellant entered pleas of guilty in two causes in which she was charged with the felony offenses of forgery. Pun-

ishment was assessed in each cause at three years, probated.

The State filed motions to revoke the probations on January 8, 1979. After a joint hearing on the motions on March 16, 1979, the court revoked appellant's probation in each cause after finding that she had failed to report to her probation officer as directed.

Initially, appellant contends that the indictments for the underlying offenses of forgery by passing are fundamentally defective. She contends that the indictments fail to allege that the writings purported to be the act of another who did not authorize the act.

The indictment in our Cause Number 63,-315 alleges that appellant did:

"knowingly and intentionally with intent to defraud and harm another, forge, by passing to Phillip Brancato a writing which then and there purported to be but was not the authorized act of B. J. Harrison, said writing being of the tenor following: (at this point, the indictment set out in its entirety the forged instrument) said defendant knowing the same to have been forged."

The indictment in our Cause Number 63,-316 alleges that appellant did:

"knowingly and intentionally with intent to defraud and harm another, forge, by passing to Stephen Papania, a writing which then and there purported to be but was not the authorized act of B. J. Harris, said writing being of the tenor following: (at this point, the indictment set out in its entirety the forged instrument) said defendant knowing the same to have been forged."

Under V.T.C.A. Penal Code, Sec. 32.-21(a)(1)(A)(i), a forgery by passing indictment must allege that the writing passed "purported to be the act of another who did not authorize that act." See, *Ex parte Mathis*, Tex.Cr.App., 589 S.W.2d 712; *Landry v. State*, Tex.Cr.App., 583 S.W.2d 620.

Art. 21.17, V.A.C.C.P. provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Thus, the exact words of the statute need not be alleged when there is no material difference between the words of the statute and the allegations of the indictment. *Church v. State*, Tex.Cr.App., 552 S.W.2d 138; *Nixon v. State*, Tex.Cr.App., 572 S.W.2d 699. We conclude that there is no material difference between the phrases "purported to be but was not the authorized act of (a named individual)" and "purported to be the act of another who did not authorize that act." We find appellant's contention that the underlying indictments are fundamentally defective to be without merit.

Appellant next contends that the trial court abused its discretion in revoking her probations. She maintains that the evidence is insufficient to prove that she failed to report to her probation officer as directed in the Conditions of Probation.

Stephanie Hall testified that she was an adult probation officer for Dallas County. Hall stated that she was responsible for the supervision of appellant while she was on probation. One of the conditions of appellant's probations was that she report monthly to her probation officer. Hall testified that appellant had not reported to her or any other probation officer since October 24, 1978. The hearing on the motions to revoke was held on March 16, 1979.

Appellant testified that she had been unable to report to her probation officer due to family problems. She stated that she had attempted to call Hall and explain the reason she was not reporting. On cross-examination, appellant testified:

"MR. DAVIS: All right, during the month of November, December and January, you didn't report in person to the officer of the Probation Department?

"THE WITNESS: No.

"MR. DAVIS: Did you?

"THE WITNESS: No."

In support of her contention that the evidence is insufficient to show that she failed to report to her probation officer, appellant relies on *Herrington v. State*, Tex.Cr.App., 534 S.W.2d 331. In that case, the order of probation and the evidence were silent as to the dates of the month the defendant was required to report. Furthermore, there was no evidence of the months he failed to report. The Court found that the bare conclusory statement of a witness, "He failed to report as directed by the probation officer at least once per month" in the absence of further facts concerning such failure was too vague, indefinite and ambiguous to reflect that the defendant had failed to report as directed by the court. *Herrington v. State*, supra at 335.

■ In the instant case, the conditions of appellant's probation required her to "Report to the probation officer as directed; to-wit monthly." Hall testified that appellant was required to report monthly and had not reported since October 24, 1978. On cross-examination, appellant acknowledged that she had failed to report to her probation officer for three months. We find that this evidence constitutes more than the "bare conclusory statement" of *Herrington.*

We find no abuse of discretion in the court's orders revoking appellant's probations.

The judgments are affirmed.