Darrell Eugene QUEEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 123–83.

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1983.

Douglas W. Skemp, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Knox Fitzpatrick and Bob Smith, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

This is an appeal from a conviction for delivery of marihuana, a controlled substance. Punishment was assessed by the jury at eight years confinement in the Texas Department of Corrections and a fine of $5,000. Appellant's petition for discretionary review was granted in order for this Court to consider appellant's first ground of error, stated as follows:

> "The Court of Appeals incorrectly held that the trial court properly overruled appellant's motion to set aside the indictment for failure to state the type of

delivery that the State would rely on for conviction."

We disagree with appellant's contention and affirm.

■ Omitting the formal portions, the indictment on which appellant was tried alleged that he:

"... did then and there unlawfully, knowingly and intentionally deliver a usable quantity of marihuana to Ben Neel in an amount more than one-fourth ounce and for remuneration by transferring the said marihuana into a motor vehicle within the care and control and custody of the said Ben Neel and by transferring the said marihuana to the actual custody of the said Ben Neel."

Appellant relies on *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1980), for his claim that the above indictment is insufficient to notify him of which legal theory of delivery the State would pursue. In *Ferguson*, supra, we noted that delivery of a controlled substance might be accomplished in three distinct situations: actual transfer, constructive transfer, and offer to sell. See *Ferguson*, supra, at p. 848. See also Art. 4476–15, Sec. 1.02(8), V.A.C.S. Appellant's contention was properly asserted in a timely filed motion to quash and called into question the adequacy of the constitutional requisite of notice to the accused. We must consider the adequacy of the notice from the perspective of the accused. See *Cruise v. State*, 587 S.W.2d 403, p. 404 (Tex.Cr. App.1979).

■ In *Ferguson*, supra, this Court reversed the defendant's conviction for delivery of heroin, holding that the trial court erred in overruling the defendant's motion to quash the indictment. The indictment in *Ferguson*, supra, alleged in pertinent part that the defendant did:

"unlawfully, intentionally, and knowingly, deliver to Jerry Powell, a controlled substance, namely heroin . . . ."

This Court, relying on the provisions of Arts. 21.03, 21.04, and 21.12, V.A.C.C.P., as

well as our prior rulings in *Cruise*, supra; *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr. App.1978); *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977); *Lindsay v. State*, 588 S.W.2d 570 (Tex.Cr.App.1979); *Amaya v. State*, 551 S.W.2d 385 (Tex.Cr.App.1977), held that the indictment's failure to specify which of the three types of delivery the State would attempt to prove at trial rendered the indictment subject to a motion to quash, and that the trial court's failure to grant the appellant's motion to quash was reversible error. We observe then that the *Ferguson* opinion stands for the proposition that an indictment for the delivery of a controlled· substance must specify which *type*[1] or *types* of delivery the State would rely upon and need not allege the precise manner by which a specified type of delivery was performed.

The threshold question in the instant cause thus becomes whether or not, from the perspective of the appellant, a common sense reading of the indictment would have put appellant on notice as to what type of delivery the State was relying upon.

■ While the term "delivery" is not precisely defined in the Controlled Substance Act, it should be noted that three types of "delivery" are contemplated by Art. 4476–15, Sec. 1.02(8), V.A.C.S.: (1) an actual transfer, (2) a constructive transfer, (3) an offer to sell. See *Ferguson*, supra, at p. 848. As we noted in *Rasmussen v. State*, 608 S.W.2d 205 (Tex.Cr.App.1980), a constructive transfer may take several forms: the actor may constructively transfer narcotics to the intended recipient by entrusting the narcotics to an associate or the postal service for the delivery to the recipient, or the actor may place the contraband in a particular location and then advise the recipient of this location so that the recipient can retrieve the narcotics. While other possible forms of constructive transfer can be postulated as a method of "delivery" the critical factor is that "prior to the delivery

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

the substance involved was directly or indirectly under the defendant's control." *Rasmussen,* supra, at p. 210.

■ Keeping the foregoing principles in mind, we turn now to the specific allegations contained in the instant indictment. Appellant concedes the instant indictment clearly alleged that he "transferred" marihuana and thus it clearly excluded the "offer to sell" type of "delivery." The indictment alleges an actual transfer (by transferring the said marihuana to the actual custody of the said Ben Neel) and a constructive transfer (by transferring the said marihuana into a motor vehicle within the care and control and custody of Neel.) We note the State was not required to allege a single type of delivery, rather all types of delivery could have been placed in the indictment. See *Ferguson,* supra.

■ Appellant seems to urge that the indictment before us is fatally defective because it does not use the magic phrase "actual transfer" or "constructive transfer." We note, however, that where there is not a material difference between the language of the statute and the language of the indictment, an indictment which alleges all of the requisite elements of the particular offense in question will not be found to be deficient simply because it fails to *precisely* track the language of the statute. See *Rincon v. State,* 615 S.W.2d 746 (Tex.Cr. App.1981); *Ross v. State,* 594 S.W.2d 100 (Tex.Cr.App.1980); and *Roach v. State,* 586 S.W.2d 866 (Tex.Cr.App.1979).

■ That the indictment in the instant cause alleges both an actual and constructive transfer is borne out by the record. Chronologically, the indictment alleges the transfers in reverse sequence. The record reveals that on the date in question the appellant initially delivered four pounds of marihuana in a brown leather bag to Ben Neel. The record reflects that this transfer took place in a motel room and that appellant personally handed the bag to Ben Neel. The record further reflects that the purpose of this particular transfer was for Officer Neel to determine if the marihuana was of sufficient quality. After Neel approved the four pound sample, the record reflects that Neel gave the appellant the keys to his van and that appellant drove the van to a co-defendant's house and loaded the remainder of the one hundred pounds of marihuana that was agreed upon for sale. Appellant then drove the van back to the parking lot of the motel, parked it, re-entered Neel's motel room, and handed the keys back to Neel. Thus, as alleged in the indictment, appellant effectuated a second "constructive" transfer to Neel. We find that the instant indictment clearly alleged the appellant delivered the marihuana by utilizing both an actual and constructive transfer as contemplated by the statute, and we further note that the indictment is supported by the evidence.

The judgments of the Court of Appeals and the trial court are affirmed.

CLINTON, J., concurs in result.

ODOM, Judge, dissenting.

Appellant contends the trial court erroneously denied his motion to quash the indictment. Omitting the formal portions, the indictment on which appellant was tried alleged that he:

"... did then and there unlawfully knowingly and intentionally deliver a usable quantity of marihuana to Ben Neel in an amount more than one-fourth ounce and for remuneration by transferring the said marihuana into a motor vehicle within the care and control and custody of the said Ben Neel and by transferring the said marihuana to the actual custody of the said Ben Neel."

Appellant relies on *Ferguson v. State,* 622 S.W.2d 846, for his claim that the above language is insufficient to notify him of which legal theory of delivery the State would pursue. *Ferguson* stated that delivery of a controlled substance might be accomplished in three quite different situations: actual transfer, constructive transfer and offer to sell. *Ferguson v. State,* supra at 848. See also Art. 4476–15, § 1.02(8), V.A.C.S. Appellant's complaint was properly asserted and calls into question the

adequacy of the constitutional requisite of notice to the accused. The adequacy of the notice must be considered from the perspective of the accused. See *Cruise v. State,* 587 S.W.2d 403, 404.

The indictment does not indicate whether the State intended to pursue a legal theory of actual transfer or constructive transfer. The majority opinion erroneously asserts that the indictment alleges both a constructive transfer and an actual transfer. The recitation in the indictment of a transfer "to the actual custody" of the recipient does not allege an "actual delivery." One may constructively deliver to the actual custody of another, e.g., by use of an agent. Similarly, the alleged transfer "into a motor vehicle within the care and control and custody of the said Ben Neel" could have been committed by actual or constructive transfer from appellant. The majority confuse actual versus constructive transfer with a transfer to actual or constructive custody of the recipient. The issue is a matter of the *conduct of the accused,* not of the recipient. The appellant is left to guess what conduct the State will attempt to prove. On motion to quash, however, the State *must* allege the particular manner or means it seeks to establish when a statutory definition provides for more than one manner or means to commit that act or omission. *Ferguson v. State,* 622 S.W.2d 846, 851.

Because appellant was not given his constitutional right to notice of the conduct charged, I must dissent.

TEAGUE and MILLER, JJ., join this dissent.