Wilbert LANDRIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–84–120 CR.

Court of Appeals of Texas, Beaumont.

May 8, 1985.

Petition for Discretionary Review June 21, 1985.

---

1. *Mendez v. State,* 535 S.W.2d 365 (Tex.Crim. App.1976).

James DeLee, DeLee & Holmes, Nederland, for appellant.

John R. DeWitt, Ass't Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

In a juried proceeding Appellant was found guilty of involuntary manslaughter and sentenced to 10 years imprisonment. The vehicle the State alleged Appellant was driving collided with Sevile Lusignan's vehicle causing Lusignan's death. Several witnesses testified that they were at the scene shortly or immediately after the occurrence. They believed and testified Appellant was intoxicated, at least to some degree. There was evidence that Appellant was the driver of the offending vehicle. The sufficiency of the evidence is not challenged.

The Appellant contends that two errors were made; first, that the indictment should have been quashed because it did not set out an offense in plain and intelligible words; secondly, the court's charge was fundamentally defective because it failed to track the relevant statute. The main thrust of Appellant's argument under the first alleged error is that:

> "The offense according to the Penal Code dictated that it must be done by accident or mistake when operating a motor vehicle while intoxicated and by reason of such intoxication caused the death. Not only must there be a [sic] accident or mistake but there must also be and by reason of the intoxication [sic]."

Appellant refers to *TEX.PENAL CODE ANN. Sec. 19.05(a)(2)* (Vernon 1974), which states:

> "(a) A person commits an offense if he:
> "(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual."

The indictment clearly states that Landrio "... did then and there while intoxicated, intentionally and knowingly operate a motor vehicle and by reason of such intoxication cause the death of Sevile Phillip Lusignan by accident and mistake, by then and there driving said motor vehicle into and causing it to collide with a motor vehicle, to-wit: an automobile, being operated by the said Sevile Phillip Lusignan." Obviously, the indictment did specifically alleged that "... by reason of such intoxication cause the death of Sevile Phillip Lusignan by accident and mistake...."

We simply fail to find any merit in this contention and overrule the same. *See Ross v. State*, 594 S.W.2d 100 (Tex. Crim.App.1980). *See and compare Hardie v. State*, 588 S.W.2d 936 (Tex.Crim.App. 1979). We find that the court's charge is not fundamentally defective because of its failure to track the statute involved. The charge requires the jury to find that Landrio, while intoxicated, intentionally and knowingly operated a motor vehicle and by reason of such intoxication caused the death of Sevile Lusignan by accident and mistake, by then and there driving said motor vehicle into and causing it to collide

with a motor vehicle, to wit: an automobile, being operated by the said Sevile Lusignan. We overrule the second ground of error.

We find that both the indictment and the charge of the court were correct. Neither presented reversible error nor fundamental error. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). We affirm the judgment and the sentence of the court below.

AFFIRMED.