David COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–85–183–CR.

Court of Appeals of Texas, Waco.

Dec. 31, 1985.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Todd Jermstad, Asst. Dist. Atty., Bryan, for appellee.

HALL, Justice.

This appeal is from an order revoking appellant's felony probation. The revocation order was based upon allegations by the State and findings by the trial court, among other allegations and findings, that appellant had failed to report to his probation officer in February, 1985; and that appellant had failed to pay various probationary fees during the months of September and October, 1984, and the months of February and March, 1985. In a single ground of error, appellant seeks reversal of the revocation order on assertions that the evidence was insufficient to support the trial court's affirmative findings on these violations and the others. We overrule this contention, and we affirm the judgment.

Appellant admitted in his testimony that he failed to report to his probation officer, as he was required to do, in February, 1985. The evidence shows that appellant was employed for the months of September and October, 1984, but that he failed to pay his required probationary fees during those months. Appellant admitted that he did not pay his fees in February and March and that he was unable to do so because he was "strung out" on the use of drugs.

It is not an abuse of discretion to revoke probation upon a finding that the defendant has not reported to his probation officer monthly as directed. *Ross v. State*, 594 S.W.2d 100 (Tex.Cr.App.1980). Similarly, it is not an abuse of discretion to revoke probation where the defendant has failed to pay probationary fees ordered as a condition of probation. *Jones v. State*, 589 S.W.2d 419 (Tex.Cr.App.1979). Finally, one sufficient ground will support the trial court's order revoking probation. *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978).

The judgment is affirmed.