**Jerry B. WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0373–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1987.

Discretionary Review Granted
Oct. 21, 1987.

Kenneth W. Sparks, Houston, for appellant

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Vic Wisner, Harris

County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, SAM BASS and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of delivery of cocaine by "constructive transfer," and assessed punishment at 75 years confinement.

In his first point of error, appellant maintains that the evidence is insufficient to establish delivery by "constructive transfer."

In considering a sufficiency of the evidence point, whether the State's proof is by direct or circumstantial evidence, this Court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983). Where a reasonable hypothesis other than the guilt of the defendant remains after such review, proof of guilt is not established to the necessary degree. *Freeman v. State,* 654 S.W.2d 450 (Tex.Crim.App.1983).

The record reflects that Reeves, an undercover officer, and her partner were involved in an undercover narcotics operation and were investigating narcotics dealing at apartment 22 in the 600 block of Schroeder. As Reeves approached the stairs to the apartment, she heard appellant whistling at her. Before she reached the stairs, appellant approached her and asked her what she needed. Reeves replied "a 50." Reeves testified that "a 50" is a fifty dollar "rock" of cocaine. Appellant asked Reeves for the money and said that "he could get it." Reeves replied that she was going to apartment 22. Appellant informed Reeves that "they were cutting dope and they wouldn't let anyone in at that time."

Reeves told the appellant that she would leave and return in 15 minutes after she "checked with her old man." Appellant again requested the money because "he didn't have a 50, they only had quarters," but he could get "a 50" for her.

When Reeves returned, she was again approached by appellant, and he asked whether she returned for "the 50." Reeves replied affirmatively, and inquired as to whether the people in apartment 22 were finished cutting the dope. Appellant said that he would check, but he thought they were through. He went up the stairs, went inside and said something, which Reeves could not hear, and then told Reeves to go inside. Reeves and appellant then went into the apartment. Inside the apartment, a man, later identified as Jackson, was behind the door, and a man, later identified as Stevenson, was behind the kitchen counter.

After Reeves went inside, Stevenson asked her if she had come for the "50." Reeves said "yes" and attempted to give Stevenson the money, but Stevenson told her to give it to Jackson. Jackson gave her the "rock" when she gave him the money. Reeves left, but returned with uniformed officers and arrested appellant, Jackson, and Stevenson.

The State's indictment alternatively alleged delivery of cocaine by actual transfer, by constructive transfer, and by offering to sell. The trial court instructed the jury as to the law of parties pursuant to Tex.Penal Code Ann. sec. 7.01 and 7.02 (Vernon 1974). Under the law of parties, one is criminally responsible for the conduct of another if, acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Garza v. State,* 573 S.W.2d 536 (Tex.Crim.App.1978). All three modes of delivery were submitted to the jury in the court's charge, and the jury found the appellant guilty of delivery of cocaine by constructive transfer.

It is evident that appellant had relayed Reeves' request for cocaine to Stevenson, because Stevenson was aware when Reeves entered the apartment how much cocaine she wanted to purchase. Steven-

**416**

son constructively transfered the cocaine to Reeves by entrusting it to Jackson, and ordering him to make the transfer to Reeves.

■ We find that the evidence is sufficient to show appellant's participation as a party to the offense. While mere presence at the scene of the offense is not sufficient to make someone a party to the offense, it is a circumstance tending to prove that one is a party when taken with facts sufficient to prove participation. *Medellin v. State,* 617 S.W.2d 229, 231 (Tex.Crim.App.1981). The evidence reveals not only the appellant's presence during the conversation about the prospective drug sale and during the actual drug sale, but also that appellant assisted in the commission of the offense by relaying appellant's request for drugs to Stevenson and Jackson.

When all of the above is viewed in a light most favorable to the verdict, the evidence was sufficient to support the conviction. *See Medellin v. State,* 617 S.W.2d at 229; *Eastman v. State,* 636 S.W.2d 272 (Tex. App.—Amarillo 1982, pet. ref'd).

■ In his second point of error, appellant contends that the trial court erred in denying his motion to quash the indictment because the term "constructive transfer" fails to give proper notice.

An indictment on its face shall be deemed sufficient if it "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant...." Tex.Code Crim. P.Ann. art. 21.11 (Vernon 1966). The State alleged the offense in terms of the statute by alternatively alleging delivery of a controlled substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 1.02(6) (Vernon Supp. 1987). The definition of "delivery" provides for more than one manner or means *to commit the act or omission, namely, actual transfer, constructive transfer, or offering to sell.* All three types of delivery were alleged in the present indictment.

■ "Constructive transfer" is not statutorily defined. Ordinarily, when statutory words are not defined, they are given their plain meaning. *Campos v. State,* 623 S.W.2d 657, 658 (Tex.Crim.App.1981). The meaning of the term "constructive transfer," although in a different context, has been addressed by the Court of Criminal Appeals. *See Whaley v. State,* 717 S.W.2d 26 (Tex.Crim.App.1986); *Davila v. State,* 664 S.W.2d 722 (Tex.Crim.App.1984); *Rasmussen v. State,* 608 S.W.2d 205 (Tex. Crim.App.1980) (op. on reh'g). The court interpreted a "constructive transfer" to be "the transfer of a controlled substance either belonging to the defendant or under his direct or indirect control, by some other person or manner at the instance or direction of the defendant." *Davila,* 664 S.W.2d at 774.

■ A constructive transfer can be accomplished in a number of different ways: the actor may constructively transfer the narcotics to the intended recipient by entrusting the narcotics to an associate or the postal service for delivery, or the actor may place the contraband in a specific location and advise the intended recipient where he can retrieve the drugs. Appellant, relying on *Daniels v. State,* 674 S.W.2d 388 (Tex. App.—Austin 1984, pet. granted), urges that, since a constructive transfer may take many forms, the failure of the State to allege the particular manner or means of "constructive transfer" in the indictment deprived him of sufficient notice to prepare his defense.

We do not find *Daniels* to be persuasive. In *Ferguson v. State,* 622 S.W.2d 846 (Tex. Crim.App.1981) (op. on reh'g), the Court of Criminal Appeals held the indictment was defective because it stated that the defendant "did unlawfully, intentionally, and knowingly, deliver," but did not specify which type of delivery. The court concluded that, since there were three distinct manners of delivery (actual transfer, constructive transfer, and offers to sell), the failure to specify "which legal theory or theories of delivery were going to be established by the proof denied the appellant precise notice of the accusation against him...." *Id.* at 849. In *Queen v. State,* 662 S.W.2d 338, 340 (Tex.Crim.App.1983), the court observed that *Ferguson* "stands

for the proposition that an indictment for the delivery of a controlled substance must *specify which type or types of delivery* the State would rely upon *and need not allege the precise manner by which a specified type of delivery was performed.*" (Emphasis added.)

We find the court's analysis of the motion to quash in *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1981), to be comparable to the present case. In *Thomas*, the court held that the terms "owner" and "effective consent" need not be further clarified in an indictment even though there are three types of ownership with nine types of effective consent. Such particularized pleadings were held to ignore the statutory authority given to the State under Tex.Code Crim.P.Ann. art. 21.24 (Vernon Supp.1987), which allows the State to employ conjunctive and multiple count pleadings. 621 S.W.2d at 163. Likewise, in *Phillips v. State*, 597 S.W.2d 929, 925 (Tex.Crim.App.1980), the term "sexual abuse," although encompassing different acts, was held to be sufficient to give the defendant notice, and any further clarification of the term was considered to be "evidentiary" in nature.

We also note that a number of pre-trial motions for discovery were filed by the appellant, acting pro se, and by his trial counsel. *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986), held that the erroneous denial of a motion to quash is not reversible error unless the defendant was harmed. In *Adams*, full discovery before trial was held to have cured any possible harm. Moreover, appellant did not present any evidence or put on any witnesses, and does not show how he was harmed or allege that he was denied full discovery.

In light of the language in *Queen v. State*, 662 S.W.2d at 340, which affirmed that the State need not allege the precise manner by which a specified type of delivery was performed, we conclude that the trial judge did not abuse his discretion in denying the motion to quash the indictment. The term "constructive transfer" should be given its plain meaning: delivery accomplished by means other than an actual, hands-on, exchange.

Point of error two is overruled.

Appellant's third and fourth points of error contend that the parole charge pursuant to Tex.Code Crim.P.Ann. art. 37.07 (Vernon Supp.1987), violated the separation of powers doctrine, and is vague, misleading, and inconsistent.

We reiterate our holding *Clark v. State*, 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, pet. pending), in which this Court has previously held that the statute was constitutional.

Appellant's third and fourth points are overruled.

The judgment is affirmed.