Jerry B. WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 904–87.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 5, 1988.

Kenneth W. Sparks (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Roe Morris, and Vic Wisner, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This Court granted the petition for discretionary review that was filed on behalf of Jerry B. Woods, henceforth appellant, in order to review the following holdings that the First Court of Appeals (Houston) made in its opinion of *Woods v. State,* 734 S.W.2d 414 (Tex.App.–1st 1987), namely: (1) That the evidence was sufficient to sustain the jury's verdict finding appellant "guilty of constructive delivery of a controlled substance, namely, cocaine, weighing less than 28 grams"; (2) that the trial court correctly overruled appellant's motion to quash the indictment for failure to plead more specifically the phrase "constructive delivery"; (3) and (4), which we have combined, that

the trial court did not err in instructing the jury on the parole law as provided in Art. 37.07, V.A.C.C.P. We also granted appellant's petition for discretionary review in order to make the determination whether there is a conflict between what the court of appeals stated and held in this cause and what the Fourth Court of Appeals (San Antonio) stated and held in *Moncivalles v. State,* 733 S.W.2d 601 (Tex.App.–4th 1987). Although we previously granted the State's petition for discretionary review in *Moncivalles,* supra, today we refused it because we now find that we improvidently granted it. See *Moncivalles v. State,* 758 S.W.2d 286 (Tex.Cr.App.1988).

We now find that our decision to grant appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly decided his assertion that the evidence was insufficient to sustain the finding by the jury that he was guilty of constructively delivering the contraband was improvident.

We also find that what the court of appeals stated and held in overruling appellant's contention that the count of the indictment that alleged that he constructively delivered the contraband was subject to his motion to quash, which is his second ground of review in this cause, comports with what this Court recently stated and held in *Daniels v. State,* 754 S.W.2d 414 (Tex.Cr.App.1988). Therefore, appellant's second ground for review is overruled.

We find that we must disagree with the court of appeals on its last two holdings for the reasons stated in this Court's decision of *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988). Therefore, we will vacate its judgment and remand this cause to that court for it to reconsider its last two holdings in light of this Court's decision of *Rose v. State,* supra.

It is so Ordered.

ONION, P.J., dissents to the remand.