Richard K. **HALEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–89–226–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1990.

Rehearing Denied May 3, 1990.

Henry C. Paine, Jr., Denton, for appellant.

Rodney Boyles, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Richard K. Haley appeals his conviction of the offense of delivery of dangerous drugs for which the trial court assessed punishment at ten years confinement in the Texas Department of Corrections and a fine of $5000.00. In four points of error, appellant claims the trial court erred (1) in overruling his motion to suppress and admitting evidence obtained as a result of an invalid search warrant, (2) in determining that the law enforcement officers had authority to enter the premises under the public health statutes, (3) in admitting certain exhibits for which no connection with appellant was established, and (4) in failing to grant appellant's motion to quash the indictment which failed to allege a method of delivery. Because we find no authority for the law enforcement officer's seizure of evidence, we reverse and remand.

On February 5, 1987, a law enforcement officer, officer Cooke, and an investigator with the Texas Department of Health obtained an inspection warrant and entered the premises of the Why Weight Medical Clinic, owned by appellant, and confiscated approximately nine million dosage units of pills with out-dated expiration dates. The officers also confiscated documents, mailing cards, and envelopes. The officers placed an emergency mail watch on the clinic post office boxes to obtain a list of

persons to whom the clinic directed packages. Appellant was charged with the offense of intentional and knowing delivery of a dangerous drug "which is required to bear the legend: Caution: Federal law prohibits dispensing without prescription; without said legend and without a prescription."

At trial, a chemist with the Drug Enforcement Agency testified that the pills tested contained digitalis and thyroid, which are prescription drugs and may have dangerous side effects. Employees of the clinic testified that they received large shipments of pills which they re-packaged and mailed out to consumers. One consumer, located as a result of the mail watch, testified to purchasing pills by mail order from the clinic.

Appellant first claims the trial court erred in overruling appellant's motion to suppress and in admitting evidence obtained pursuant to an invalid search warrant. Appellant objects to both actions of the trial court on the ground that the search warrant affidavit fails to meet the requirement in TEX.CODE CRIM.PROC.ANN. art. 18.01(c) of "specifically described property." This objection is not expressed in the motion itself; however, appellant did raise this objection during the oral hearing on the motion to suppress.

The law regarding search warrants serves two purposes: "to ensure that there is adequate probable cause to search and to prevent the mistaken execution of the warrant against an innocent third party." *Bridges v. State*, 574 S.W.2d 560, 562 (Tex. Crim.App.1978). The art. 18.01(c) requirement of a specific description of the property to be searched serves the purpose of preventing erroneous execution of a warrant against an innocent third person, *Morales v. State*, 640 S.W.2d 273, 275 (Tex. Crim.App.1982), and it enables the executing officer "to locate the property and distinguish it from other places in the community." *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Crim.App.1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). *See also Staines v. State*, 659 S.W.2d 50, 52 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984); *Mansell v. State*, 756 S.W.2d 95, 98 (Tex.App.—San Antonio 1988, pet. ref'd).

■ In the instant case, the affidavit contained the following description of the premises to be searched:

1. There is in Brazos County, Texas, a place described and located as follows: a place of business located at *Why Weight Medical Center*, Kurten, Texas, including all structures, storage facilities, places and a 1978 Mercury Station Wagon bearing Texas license # 097–LUJ, located on the curtilage of the suspected place.

2. The aforesaid premises is under the dominion and control of one, Dr. Richard Haley who conducts the business of *Why Weight Medical Center*, Box 100, Kurten, Texas 77862....

Based on this description, the inspection warrant authorized the executing officer to inspect, take samples, photograph, and otherwise document any violations of the Texas Food, Drug and Cosmetic Act at the following premises:

*Why Weight Medical Center*, Kurten, Texas, including all structures, storage facilities, places and a 1978 Mercury Station Wagon bearing Texas license # 097–LUJ, located on the curtilage of the suspected place, and owned and operated by Richard Kenneth Haley, D.O., License # C9286....

The record indicates that the Why Weight Medical Clinic was located in the same building as the Kurten post office. There were no signs or marks on this building that revealed the clinic's presence. Testimony at trial established that Kurten is a very small community having few buildings, other than the post office building. These other buildings include a small grocery store, a volunteer fire station, a church, and a few houses. The investigator with the Health Department conceded at trial that he could not have located the clinic from the description in the warrant; however, a local police officer, officer Cooke, accompanied him and knew the location of the clinic. We are not persuaded

that, under these facts, there was a reasonable possibility that the officer and inspector would inspect or search any place other than the intended clinic. *See Bridges,* 574 S.W.2d at 562. Accordingly, we find that the description of the clinic in the affidavit was sufficiently specific and met the requirement of article 18.01(c). We overrule appellant's first point of error insofar as it challenges the seizure of evidence pursuant to a warrant lacking a sufficient description of the premises.

■ In points of error one and two, appellant alternatively challenges the trial court's rulings as to evidence seized pursuant to the inspection warrant and the determination that the officials entered the premises under the authority of the public health statutes. TEX.REV.CIV.STAT.ANN. art. 4476–5, § 25 (repealed and now codified as TEX.HEALTH & SAFETY CODE ANN. § 431.042 (Vernon 1990)) authorizes the inspection of facilities holding drugs for introduction into commerce. Because the Health Department official in this case obtained an inspection warrant under TEX.CODE CRIM. PROC.ANN. art. 18.05, we need not address the question whether a warrantless inspection is authorized under the Texas Health and Safety Code regulatory scheme and we find no error in the trial court's ruling that the entry onto the clinic premises was authorized by the public health statutes. We do find error in the trial court's denial of appellant's motion to suppress and admission of evidence improperly seized by the law enforcement officer.

■ If, during an inspection, a health officer suspects that drugs are adulterated or misbranded, he is statutorily authorized to label and detain these drugs from removal. *See* TEX.REV.CIV.STAT.ANN. art. 4476–5, § 6(a) (repealed and now codified as TEX.HEALTH & SAFETY CODE ANN. § 431.048 (Vernon 1990)). This section does not provide for seizure of the drugs. *See id.* In contrast, article 4476–14, § 8 (repealed and now codified as TEX.HEALTH & SAFETY CODE ANN. § 483.074) does authorize seizure of "dangerous drugs," or drugs required to bear the label: "Caution: federal law prohibits dispensing without

prescription." TEX.REV.CIV.STAT.ANN. art. 4476–14, § 2 (repealed and now codified as TEX.HEALTH & SAFETY CODE ANN. § 483.001(3)(A) (Vernon 1990)). This authority for seizure of dangerous drugs is limited by the statutory requirement of a search warrant. TEX.REV.CIV.STAT.ANN. art. 4476–14, § 15A (repealed and now codified as TEX.HEALTH & SAFETY CODE ANN. § 483.073 (Vernon 1990)).

■ In the present case, the Health Department inspector admitted on the stand that he had no authority to seize drugs or documents and he maintained that officer Cooke seized these items. Based on our review of the relevant statutes, we find no statutory authority for the officer's seizure of drugs, documents, and other materials where the entry onto the premises was for the purpose of an inspection under article 4476–5, the authority under which the instant inspection warrant was issued and executed.

Furthermore, the probable cause statement in the inspection warrant affidavit stated:

3. Affiant [Health Department inspector] has probable cause to believe that a health hazard and violation is present in the facility sought to be inspected by reason of the following facts, to-wit: that such firm, Why Weight Medical Center, by and through its representatives has solicited, offer [sic] to distribute and/or sell as drugs, which are out of date and therefore adulterated. The selling of adulterated drugs is a violation of the Food, Drug and Cosmetic Act, Article 4476–5 V.C.S.

This information was related to me by James Cooke, Narcotics Investigator, Texas Department of Public Safety.

This statement indicates that officer Cooke knew that, in all likelihood, a search of the clinic would reveal expired drugs and other evidence of the operation. Cooke anticipated the discovery of incriminating evidence and took the time to notify the Health Department and to obtain an inspection warrant prior to searching the clinic. Thus, he had sufficient time to obtain a

search warrant authorizing the seizure of evidence.

 As an alternative basis for upholding the admission of the seized evidence, the state argues that appellant waived the right to claim error by testifying about this evidence during the penalty stage of the trial. When a defendant testifies voluntarily "that he possessed the fruits of the search, he normally waives any contention concerning the legality of the search," *Murphy v. State*, 640 S.W.2d 297, 300 (Tex.Crim.App.1982) (holding limited to questions of law by *Johnson v. State*, 743 S.W.2d 307, 310 (Tex.App.—San Antonio 1987, pet. ref'd)), even if this testimony is given during the penalty phase of the trial. *See Brown v. State*, 617 S.W.2d 234, 236 (Tex.Crim.App.1981). Also known as the doctrine of curative admissibility, this rule renders harmless the improper admission of evidence if the same evidence is admitted at another point during the trial without objection. *See Bush v. State*, 697 S.W.2d 397, 404 (Tex.Crim.App.1985). If, however, a pretrial motion to suppress has been overruled, no subsequent objection to the admission of the same evidence is required to preserve error for appeal. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim.App.1985); *Gonzales v. State*, 743 S.W.2d 718, 720 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd).

 Appellant's attorney specifically advised the court that appellant's testimony during the penalty phase was "for the purposes [sic] of proving him eligible for probation." Because appellant's motion to suppress had been overruled, no objections regarding this evidence were required to preserve error. *See Gearing*, 685 S.W.2d at 329; *Gonzales*, 743 S.W.2d at 720. Although appellant testified on cross-examination that the confiscated drugs were his, that he operated a mail order business dispensing drugs, and that at least some of the drugs in his possession were out of date, we hold that appellant did not waive the right to claim error in the denial of his motion to suppress and in the subsequent admission of this evidence.

Because the law enforcement officer was without authority to seize the evidence at the clinic, we hold that the denial of the motion to suppress and the subsequent admission of this evidence constituted error. Under TEX.R.APP.P. 81(b)(2), we must reverse the judgment unless we find "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." The evidence seized included the out-dated drugs, clinic documentation, and distribution materials. This evidence was the basis for appellant's indictment and conviction. Consequently, the error in the admission of this unlawfully seized evidence was harmful, and we sustain this point of error.

Because we have found error in the admission of evidence invalidly seized, we do not consider appellant's third and fourth points of error.

We reverse the judgment and remand the cause to the trial court.