**Richard Kenneth HALEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–89–0226–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1991.

Henry C. Paine, Jr., Denton, for appellant.

Rodney Boyles, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON REMAND

MURPHY, Justice.

Appellant was convicted of the offense of delivery of dangerous drugs, and punishment was assessed at ten years' confinement and a fine of $5,000. In a published opinion, this court reversed the judgment of conviction without addressing appellant's third and fourth points of error and remanded the case to the trial court. *See Haley v. State*, 788 S.W.2d 892 (Tex.App.—

Houston [14th Dist.] 1990), *rev'd*, 811 S.W.2d 597 (Tex.Crim.App.1991). On the state's petition for discretionary review, the Court of Criminal Appeals reversed the judgment of this court and remanded the cause for consideration of appellant's third and fourth points of error. *See State v. Haley*, 811 S.W.2d 597, 600 (Tex.Crim.App. 1991). We affirm.

Although the factual background of this case is set forth more fully in the opinions cited above, a brief summary of operative facts is necessary for our discussion of appellant's third and fourth points of error. In February 1987, a Texas Department of Public Safety officer received information regarding the illegal repackaging and distribution of drugs at a building owned by appellant in Kurten, Texas. The officer conveyed this information to a Texas Department of Health investigator, and the investigator obtained an inspection warrant authorizing him to inspect the premises of the suspect building. On February 5, 1987, the officer accompanied the investigator to the building, and they were allowed to enter by employees of appellant.

Inside the building, appellant's employees were observed repackaging pills containing various drugs, including thyroid. Millions of pills were present, and many of them had lapsed expiration dates. The inspection also revealed plastic baggies, weight loss advertising literature, order forms, envelopes, mailing labels and a postage meter. Based upon these observations, the health investigator secured a mail watch through the United States Postal Service which yielded a list of the names and addresses of recipients of the building's outgoing mail. One such recipient, Carolyn Trimble, was located in Ohio. At trial, Ms. Trimble testified as a witness for the state regarding pills she had obtained from appellant's business in Kurten.

In his third point of error, appellant contends that the trial court committed reversible error in admitting State's Exhibit Nos. 1a–1f, because there was no nexus to establish an affirmative connection between him and the exhibits. State's Exhibit Nos. 1a–1f consisted of bags of pills

recovered from Carolyn Trimble's residence in Ohio. When the exhibits were offered into evidence, appellant objected as follows:

> I'm going to object to the introduction of State's Exhibit 1A through 1F on the grounds of search and due process grounds previously stated, and also that there's been no establishment of nexus between these tablets that were tested and any tablets that were seized or obtained from Carolyn Trimble or any other location.

Appellant's objections were overruled, and the exhibits were admitted into evidence. Prior to the admission of State's Exhibit Nos. 1a–1f, four witnesses had testified regarding the origins and testing of the pills in question. Appellant argues that the trial court erred in admitting the exhibits, because the testimony of these witnesses failed to establish any affirmative connection to link the exhibits to him. We disagree.

At trial, Carolyn Trimble identified State's Exhibit Nos. 1a–1f as the pills she received when she placed her order with appellant's business in Kurten, Texas, and she confirmed that the pills were in the same condition as they were when she had received them. She described the means by which she had obtained the pills and identified certain order forms and envelopes. Ms. Trimble further testified that she gave the pills to Charles Price, an investigator for the United States Food and Drug Administration, in March 1987. In his testimony, Mr. Price identified State's Exhibit Nos. 1a–1f as the pills he had collected from Carolyn Trimble, and detailed the procedures he had followed in putting samples of the pills under seal for transfer to a testing laboratory. A compliance officer and a chemist employed by the Food and Drug Administration also testified at trial. Their testimony completed the chain of custody and established that the pills collected from Carolyn Trimble contained dangerous drugs, including thyroid and digitalis.

Appellant does not assert that State's Exhibit Nos. 1a–1f were tampered with or misplaced, and he does not challenge the validity of the chemical analysis of samples from the exhibits. Rather, his argument under this point of error is based on a perceived inconsistency between the testimony of Ms. Trimble and that of Mr. Price. Although Ms. Trimble testified that State's Exhibit Nos. 1a–1f were the pills she had personally received from appellant's business, Mr. Price testified that it was his understanding that some of the pills collected from Ms. Trimble had originally been sent to her daughter-in-law. We find that appellant's complaint goes to the weight of the evidence, rather than its admissibility. *See Jones v. State,* 617 S.W.2d 704, 705 (Tex.Crim.App. [Panel Op.] 1981); *Levi v. State,* 809 S.W.2d 668, 671–72 (Tex. App.—Beaumont 1991, no pet. h.).

An exhibit offered into evidence should not be rejected merely because it is not positively identified. *Jones,* 617 S.W.2d at 705. The testimony of Ms. Trimble and the other witnesses was sufficient to establish the chain of custody for admission of the evidence and support a finding that State's Exhibit Nos. 1a–1f were what they were claimed to be. *See* TEX.R.CRIM.EVID. 901(a), (b)(1). Any perceived conflict between the unequivocal testimony of Ms. Trimble and Mr. Price's "understanding" regarding the origin of the pills goes to the weight to be accorded the evidence and was an issue for the jury. Accordingly, we hold that the trial court did not err in admitting the exhibits. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant contends that the trial court committed reversible error in denying his motion to quash the indictment. From the record, it appears that the indictment charged appellant with both selling and offering to sell a dangerous drug. Appellant asserts that the indictment failed to apprise him of the elements of the charged offenses, because it did not specify which method of delivery the state intended to prove. In support of this argument, appellant relies upon *Green v. State,* 502 S.W.2d 807 (Tex.Crim.App. 1973) and *Queen v. State,* 662 S.W.2d 338

(Tex.Crim.App.1983). This reliance is misplaced.

In *Green,* the indictment charged sale, but the state proved only intent to sell and delivery. *See* 502 S.W.2d at 809. In reversing the conviction on grounds of insufficient evidence, the Court of Criminal Appeals held that "where only one of various possible means is charged, evidence that the offense was committed by some other means will not suffice." *Id.* This holding is clearly inapplicable to facts of the case at bar. The court's opinion in *Queen,* however, is directly on point. In *Queen,* the indictment alleged delivery by both actual transfer and constructive transfer. In rejecting the argument that this constituted a fatal defect in the indictment, the court noted that "the State was not required to allege a single type of delivery, rather all types of delivery could have been placed in the indictment." *Queen,* 662 S.W.2d at 341.

In the case at bar, the indictment charged at least two types of delivery. Appellant does not contend that the state failed to prove that the offense was committed by one of these means. Rather, he asserts only that the indictment should have been quashed, because it alleged more than one type of delivery. In view of the holding in *Queen,* this argument is clearly without merit. Appellant's fourth point of error is overruled.

The judgment of conviction is affirmed.