IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-284-CR




JAMES SHELLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 102,772, HONORABLE JON N. WISSER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of theft, third offense. Tex. Penal Code Ann.
§ 31.03(e)(4)(E) (Supp. 1992). The jury assessed punishment, enhanced by two previous felony
convictions, at imprisonment for twenty-five years.

 Appellant does not contest the sufficiency of the evidence as to the primary offense,
which reflects that he was caught shoplifting at an Austin grocery store. Appellant does complain,
however, that one of the previous theft convictions alleged pursuant to § 31.03(e)(4)(E) is void,
and thus could not be utilized in this cause. He also contends that the indictment in this cause is
fundamentally defective. We find both points of error to be without merit.

 Section 31.03(e)(4)(E) provides that a theft of property having a value less than
$750 is a third degree felony if the defendant has been previously convicted two or more times
of any grade of theft. The indictment in this cause alleges that appellant "had previously been
convicted of the offense of theft as follows," then lists four previous theft convictions. Appellant
argues that the indictment is defective because it does not expressly state that he had been
previously convicted "two or more times."

 Appellant did not object to the indictment on this ground, thereby waiving his right
to complain on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Supp. 1992). The contention
is without merit in any event. It is not necessary for an indictment to precisely track the language
of the penal statute. Queen v. State, 662 S.W.2d 338, 341 (Tex. Crim. App. 1983). The
indictment here alleges two or more previous theft convictions, which is all the statute requires. 
None of the cases cited by appellant support his contention that the omitted phrase was essential
to the indictment. Point of error two is overruled.

 In his other point of error, appellant urges that one of the four previous theft
convictions alleged in the indictment is void because the indictment in that case was defective. 
We find that this contention does not present reversible error for two reasons. First, the record
does not reflect that appellant timely objected to the allegedly defective indictment, and therefore
he cannot collaterally attack it at this time. Art. 1.14(b). Second, three previous theft convictions
remain even if the challenged conviction is disregarded. We disagree with appellant's contention
that the State was bound to prove all four previous theft convictions. Under the statute, the State
was required to prove at least two of the previous theft convictions it alleged. The State met this
burden. Point of error one is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 15, 1992

[Do Not Publish]