**Antonio Rodriguez BUENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47415.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

James E. Ingram and Mark J. Sideman, San Antonio, both court appointed, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

The appellant was found guilty by a jury of unlawfully selling heroin, a narcotic drug, to Albert Chevera. The trial judge assessed punishment and sentenced appellant to confinement in the Texas Department of Corrections for a term of fifteen years.

■ Appellant's initial ground of error presents for review the trial court's alleged refusal to allow the disclosure of the identity of the informer in the case. When an informer has taken a material part in bringing about the possession of drugs by the accused, is present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly committed the act, the name of the informer should be disclosed. James v. State, 493 S.W.2d 201 (Tex.Cr.App.1973); Artell v. State, 372 S.W.2d 944 (Tex.Cr.App.1963); and Acosta v. State, 403 S.W.2d 434 (Tex.Cr.App. 1966). However, the record does not support the contention that the trial court refused to allow disclosure of the identity of the informer. Nor was appellant restricted in cross-examination in this respect.

■ Police officer Albert Chevera, an undercover agent, testified to the several names by which the informer was known to him. Thereafter, while another police officer, James A. Cuellar, was testifying as a prosecution witness, Cuellar was asked

on cross-examination if Chevera discussed the informer Jimmy with him at any time. The witness answered in the affirmative. Thereupon, the witness was asked if he were aware that Chevera was being assisted by an informer that had used several names, among them Jimmy. The witness declined to answer on the ground that his answer might lead to the identity of the informer in the case on trial or some other case and tend to endanger such informer. The appellant moved the Court to compel a responsive answer. The prosecution objected unless the answer was "tied to this particular case." The prosecution's conditional objection, as had the witness' answer, introduced a suggestion that testimony about collateral matters should be excluded by the Court's ruling. The Court overruled the motion with the explanation that he would permit inquiry about the witness' conversations had with Chevera relative to informers in the case on trial, but not conversations had with Chevera on informers generally, saying, " . . . I don't think the defendant charged with a particular crime is entitled to explore all other additional crimes that have nothing to do with him . . . He has to stay within the issues that are framed in his case."

Refusal to allow disclosure of an informer is not shown. The answer that precipitated the ruling was not responsive, but the ruling in the light of the Judge's explanation did not prohibit inquiry, it merely marked the channel of proper interrogation. The ruling required appellant to renew his line of interrogation, but that circumstance was not calculated to harm or prejudice him in the trial of his case. The ground of error is overruled.

◼ The second ground of error claims that there was a break in the chain of custody of the heroin introduced as an exhibit by the prosecution. The argument is that it was not "shown what happened to the material up until the time it was introduced into evidence and that there is an apparent conflict in officer Cuellar's testimony and that he stated that he immediate-

ly went to the chemist with the heroin but the chemist testified that he did not receive it until one week . . . later." Appellant's complaint focuses on an alleged error at the time of introduction and takes no notice of certain evidence later admitted. Chevera, the officer that made the buy, delivered a green rubber balloon containing a powdery substance to officer Cuellar, and Cuellar kept it in a lockbox at police headquarters about one week and then delivered it to the police chemist, Dennis Torraco. Each of these persons put an identifying inscription on the envelope containing the evidence. The seal of the envelope was not broken or tampered with. The exhibits were admissible. Conflicts in the testimony went to the weight of the evidence rather than its admissibility. Mitchell v. State, 488 S.W.2d 786 (Tex.Cr.App.1973); Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971).

The last ground of error questions the action of the trial court in allowing Dennis Torraco to testify a white powder tendered in evidence was heroin because he did not qualify as an expert in chemical analysis. Dennis Torraco testified he was a chemist by profession and had been employed two years as a chemist by the City of San Antonio Police Department where his principal duties were to analyze substances alleged to be narcotic drugs. He made such analyses daily. He earned a Bachelor's Degree in Chemistry from St. Mary's University and was working on a Master's. He frequently testified in court as a chemist. Torraco detailed the procedures he used in testing the substance furnished him by officer Cuellar. Three separate tests were made of the substance and the chemist testified that each test showed the substance contained a high percentage of heroin.

◼ Qualification of an expert witness is committed to the discretion of the trial judge. To authorize use of Torraco's testimony it was necessary that the trial judge determine from common knowledge or proof that recognition of heroin by chemical analysis is so related to some sci-

ence, business or profession as to be beyond the knowledge of the average layman; and that Torraco had such skill, knowledge or experience in the field of Chemistry that it was probable his opinion would be of assistance to the jury in making a factual determination of the chemical content of the substance in evidence. McCormick & Ray, § 1400; 23 Tex.Jur.2d, Evidence, §§ 417, 418. Here the prerequisites of qualification are satisfied and no abuse of discretion is shown. The Judge on the basis of common knowledge impliedly found that chemical analysis of the substance in evidence was beyond the knowledge of the average layman and that the witness' knowledge and experience in this field would assist the jury. The evidence was properly admitted. 23 Tex.Jur. 2d, Evidence, § 438. Also see Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781 (Tex.Cr.App.1956); and Bryant v. State, 159 Tex.Cr.R. 98, 261 S.W.2d 728 (Tex. Cr.App.1953).

Reversible error is not shown. The judgment of the trial court is affirmed.

Opinion approved by the Court.