James **HICKS**, III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–85–124–CR.

Court of Appeals of Texas,
Tyler.

Oct. 27, 1986.

Harry Heard, Longview, for appellant.

John Tunnell, Asst. Dist. Atty., Longview, for appellee.

COLLEY, Justice.

James Hicks, III was convicted by a jury of aggravated robbery. The jury assessed his punishment at life and a $10,000 fine. Hicks contends under his first point of error that the evidence is insufficient to support his conviction in that he "was not identified as the person [who committed the robbery]." He also claims under his second and third points of error that the trial court erred in permitting the State's witness Mike Downs, a Longview police officer, to testify as a fingerprint expert, and in admitting two "pen packets" into evidence during the punishment phase. We affirm the conviction.

The record reveals the following facts. On November 21, 1984, State's witness Carol Deanne Cheek was the sole clerk at the E–Z Mart, a convenience store in Longview. At about 7:30 p.m., a black man entered the store, asked to use the telephone, and then demanded that she "give [him] all the money out of the register." Cheek looked at the robber and saw that he

had a "gun" in his hand which was resting on the store counter. She followed his instructions and placed the money in a bag. The robber then told her to lay on the floor. She complied. At the time of the commission of the robbery, the store was equipped with a concealed camera. Cheek activated the camera by depressing the control button as she was collecting the money. Mike Hyko, a Longview police officer, testified that the camera in the store was loaded with 35mm film and took a picture once every one and one-half seconds. At least six pictures were taken of the robber during the commission of the offense. Enlarged prints of those six photographs were introduced into evidence by the State. Hyko also testified that following the robbery, he removed the exposed film from the store camera and had it developed and prints made. When arrested, Hicks admitted that he was the person shown in the prints. Ron Vick, a Longview police officer, testified that Hicks was the person shown in the prints. Cheek made a positive identification at trial of Hicks as the person who robbed her on November 21, 1984. Hicks filed no pretrial motions to suppress Cheek's in-court identification. And he made no objection at trial to her in-court identification of him as the robber.

 Hicks presents several arguments under his first point. He claims first, that he was not identified as the robber. The record does not support that assertion. Secondly, he alleges that Cheek testified she knew nothing about the workings of the camera or the film with which the camera was loaded. That contention is irrelevant.[1] Thirdly, Hicks asserts that another witness, Ron Vick, testified that the prints from the store camera of the robbery "depicted a person wearing a brown or tan hat."[2] That testimony has nothing to do either with the admissibility of Cheeks in-court identification of Hicks or the admissibility of the photographs themselves. The photographs were printed

---

**1.** Hicks does not complain that the six photographs were inadmissible.

**2.** In fact, the six photographs introduced into evidence showed an individual who was hatless.

from negatives of film exposed during the commission of the robbery, and showed the actor and his conduct. They were admissible [3] before the jury as *independent* demonstrative evidence of the identity of the robber. The jury was free to examine and compare those photographs with Hicks' features and physical appearance in person at trial. The fact that Cheek had viewed the photographs before her in-court identification of Hicks in no wise "taints" her in-court identification testimony because, if for no other reason, Hicks admitted that he was the person in the photographs. Hicks failed to preserve his right to complain of Cheeks in-court identification,[4] but even if he has preserved his right to complain thereof, we overrule the contention. Point one is overruled.

 By his second point, Hicks contends that the trial court erred in overruling his objection to the qualifications of a Longview police officer, Mike Downs, as a fingerprint expert. We conclude that Downs' testimony established sufficient facts respecting his "knowledge, skill, experience, training, [and] education"[5] to qualify him as an expert in fingerprint comparison and analysis. The trial court did not abuse its discretion in permitting Downs to render his opinion as an expert. Point two is overruled.

 Lastly, Hicks urges that the court erroneously admitted into evidence, over his objection, records kept by the Texas Department of Corrections showing three prior felony convictions of Hicks, two for burglary and one for forgery (State's Exhibits Nos. 13 and 14). The basis of the point seems to be that the State employed the sponsorship of an assistant district attorney who testified to the contents of the "pen packets without authentication or personal knowledge of such things." Hicks

makes no attack on the self-proving authentication[6] of these exhibits. In fact, the record reveals the exhibits referred to were properly authenticated and admissible without a sponsoring witness. *See Todd v. State,* 598 S.W.2d 286, 291–93 (Tex.Cr.App. 1980). Moreover, as the State contends, these exhibits were introduced earlier without objection during the testimony of Mike Downs. The point is without merit and is overruled.

The judgment of conviction is affirmed.

---

3. *See Lopez v. State,* 630 S.W.2d 936, 939 (Tex. Cr.App.1982); Tex.R.Evid. 401, 402.

4. *See Garcia v. State,* 595 S.W.2d 538, 543 (Tex. Cr.App.1980).

5. *See* Tex.R.Evid. 702; *Bueno v. State,* 501 S.W.2d 339, 341–342 (Tex.Cr.App.1973).

6. Under the provisions of former Tex.Rev.Stat. Ann. art. 3731a, §§ 1, 4 (Vernon Supp.1986) (repealed effective September 1, 1986); *see now* Tex.R.Evid. 902(1)(2).