Kenneth E. Sanek, Irving, for appellant.

Mary Lou Shipley, County Atty., Waxahachie, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

**I.J. MOORE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–89–055–CR.**

Court of Appeals of Texas,
Waco.

Dec. 18, 1991.

Rehearing Denied Jan. 8, 1992.

OPINION

VANCE, Justice.

Appellant was convicted by a jury of the offense of delivery of less than twenty-eight grams of a controlled substance, cocaine, and assessed fifty years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.-112 (Vernon 1991).  In three points, he complains that the court erred in admitting exhibit number one, a small plastic bag containing the controlled substance inside a larger plastic bag, and exhibit number two,

the mailing envelope used to transmit exhibit one to the laboratory for testing of the contents. He bases all points on the assertion that the State failed to prove the chain of custody from the informant who purchased the cocaine from Appellant to the chemist who tested it. We will overrule all points and affirm.

The informant who purchased the cocaine testified that: he worked undercover for the Waxahachie Police Department; he approached a group of men including Appellant and asked where he could buy drugs; he gave Appellant twenty dollars and Appellant handed him a small bag "that had rocks in it;" he kept it in his hand and returned to the car where Officer Pothen was waiting; he handed the bag and contents to the officer; and he did not write anything on the bag. He further testified that exhibit one included the bag and contents which he purchased from Appellant.

Officer Pothen testified that: the informant was searched prior to the drug buy and that he had nothing on his person but a wallet; the informant carried a transmitter which allowed the officers to listen to the entire transaction; the informant was in the officer's view at all times before, during, and after the purchase from Appellant; he watched the informant approach Appellant, heard their conversation, saw the exchange, and watched the informant return to the car where the officers waited; the informant handed him the smaller bag containing the substance upon returning to the car; he placed the smaller bag inside the larger bag, initialed the larger one, dated it, and handed it to Detective Pascual; and he did not alter the contents in any way. He also testified that exhibit one included the bag and contents which he received from the informant.

Detective Pascual testified that: he did not take the contents out of the smaller plastic bag; he took exhibit one to the police department and placed it in a desk used to store evidence; he had the only key to the desk; the exhibit was under his exclusive control and possession for approximately one week; and he then gave it

to Detective Howard. Detective Pascual's testimony indicates that the informant initialed the smaller bag, that Pascual placed the smaller bag inside the larger bag, and that Pothen initialed the larger bag.

Detective Howard testified that Detective Pascual handed him exhibit one for submission to a laboratory for analysis. He placed exhibit one and a lab submission form in a mailing envelope (exhibit two), addressed it to the Texas Department of Public Safety Chemistry Lab in Garland, and mailed it by certified mail at the post office.

Kent Evans, a chemist employed by the DPS laboratory in Garland, testified that he received exhibit two, removed exhibit one, assigned a laboratory case number, and analyzed the substance. Exhibit one contained 0.12 grams of cocaine.

Appellant bases his contentions on conflicts in the testimony. The informant testified that he did not initial the smaller bag; Detective Pascual testified that the informant did initial it. Officer Pothen and Detective Pascual each testified that he put the smaller bag inside the larger one. The record is somewhat confusing about exactly when Detective Pascual placed his initials on the larger envelope. Thus, Appellant contends that there was commingling of the bag of cocaine purchased from Appellant with other bags of cocaine purchased by the informant that same night and that there was insufficient identification of exhibit one.

Appellant does not contend that the substance had been tampered with. He asserts that possible commingling by Detective Pascual destroyed the admissibility of the evidence. *See Stone v. State*, 794 S.W.2d 868, 870 (Tex.App.—El Paso 1990, no pet.). In *Stone*, as here, an officer unequivocally identified the proffered evidence as the bag received from the informant-purchaser shortly after the purchase. *See id.* There, the court found that the chain of custody was sufficient to "establish that degree of security and evidentiary integrity justifying admission of the exhibits" and affirmed the conviction. *See id.*

The State's position rests on the proposition that conflicts in the testimony which do not show an affirmative break in the chain of custody go to the weight of the evidence rather than its admissibility. *See DeLeon v. State*, 505 S.W.2d 288, 289 (Tex. Crim.App.1974); *Bueno v. State*, 501 S.W.2d 339, 341 (Tex.Crim.App.1973).

The cases cited by the State were decided prior to the adoption of the rules of criminal evidence, and *Stone* does not discuss admissibility under the rules. *Stone*, 794 S.W.2d at 870. Indeed, the rules of criminal evidence do not address the use of "chain-of-custody" proof. When and in what context should they be applied?

Rule 901 provides, in part:

(a) **General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

TEX.R.CRIM.EVID. 901(a).

Prior to the rules of evidence, proof of a chain of custody was required to properly authenticate or identify an item when there was a possibility of commingling the item with items similar in appearance, when items not having distinctive characteristics had not been marked with distinctive markings by the sponsoring witness, and when necessary to refute a suggestion that the evidence had been tampered with or changed in some manner. *See, e.g., DeLeon*, 505 S.W.2d at 289; *Bueno*, 501 S.W.2d at 341; *Mitchell v. State*, 488 S.W.2d 786, 786–87 (Tex.Crim.App.1973); *Easley v. State*, 472 S.W.2d 128, 128–29 (Tex.Crim.App.1971); *Walker v. State*, 470 S.W.2d 669, 672–73 (Tex.Crim.App.1971); *Gutierrez v. State*, 422 S.W.2d 467, 467–68 (Tex.Crim.App.1968); *Wright v. State*, 420 S.W.2d 411, 413 (Tex.Crim.App.1967).

Under Rule 901, proof of a chain of custody in the same circumstances is necessary to "support a finding that the matter in question is what its proponent claims." TEX.R.CRIM.EVID. 901(a); *see also* Schlueter, *Identification of Evidence: That's the Knife*, 54 TEX.B.J. 1107 (1991). Upon such a finding by the court, the evidence has been properly authenticated or identified, and the court can then determine its relevancy. *See id.* at 401.

■ Thus, we believe that in those instances in which proof of a chain of custody is necessary, the state must adduce such proof to establish that the evidence is what the state says it is—evidence connected to the defendant and to the offense—evidence having that degree of security and integrity to justify its admission. *See Stone*, 794 S.W.2d at 870. We also agree with the El Paso court that "minor theoretical breaches in the chain of custody" will not affect admissibility in absence of "affirmative evidence of tampering or commingling." *Id.*

■ Here, we cannot determine whether the handling of the evidence by the officers or the clarity of the proof offered at trial created the appearance that the chain of custody was deficient. Neither is commended as a model of demonstrating a chain of custody. Nevertheless, we cannot say that the court abused its discretion in admitting exhibit one into evidence in view of the positive identification of clearly relevant evidence, the bag and its contents, by both the informant and Officer Pothen; both testified that it contained the substance that had been purchased from Appellant. *See Haley v. State*, 816 S.W.2d 789, 791 (Tex.Civ.App.—Houston [14th Dist.] 1991, no pet.); *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990); *Stone*, 794 S.W.2d at 870; *Easley*, 472 S.W.2d at 128–29; TEX.R.CRIM.EVID. 401, 901(a). Because exhibit one was properly admitted, exhibit two was properly admitted as evidence of the chain of custody. Appellants points are overruled.

We affirm the judgment.