Dickerson-KK v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-065-CR

     KEITH KENNARD DICKERSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 22011CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Appellant Keith Kennard Dickerson guilty of the offense of delivery of a
controlled substance, cocaine.


 The jury assessed his punishment at eight years' confinement in
the Institutional Division of the Texas Department of Criminal Justice. Dickerson brings this
appeal asserting by three points of error that: (1) the trial court erred in overruling his motion for
mistrial during voir dire, (2) the trial court erred in permitting the State's chemist to testify, and
(3) the trial court erred in admitting the cocaine into evidence.
      In his brief, Dickerson provides a single reference to article 35.16(a)(9) of the Code of
Criminal Procedure in the discussion of his first point.


 Tex. Code Crim. Proc. Ann. art.
35.16(a)(9) (Vernon 1989). He combines the argument and authorities for his second and third
points and makes a single reference to rules 705(c) and 901 of the Rules of Criminal Evidence in
this portion of the brief. Tex. R. Crim. Evid. 705(c) & 901.
      Rule 74(f) of the Rules of Appellate Procedure requires counsel to include in their briefs "such
discussion of . . . the authorities relied upon as may be requisite to maintain the point at
issue." Tex. R. App. P. 74(f). The failure to adequately brief the argument and provide authority
to support a particular point of error waives the error alleged. Lawton v. State, 913 S.W.2d 542,
558 (Tex. Crim. App. 1995), cert. denied, ___ U.S. ___, 117 S. Ct. 88, ___ L. Ed. 2d ___
(1996); Menchaca v. State, 901 S.W.2d 640, 649-50 (Tex. App.—El Paso 1995, pet. ref'd). 
Nevertheless, we apply a liberal construction to the briefing requirements. Tex. R. App. P. 74(p). 
"Substantial compliance" with the briefing requirements will suffice to avoid waiver. Id. Because
we find some compliance, we review Dickerson's claims in the interest of justice.
      Dickerson complains in his first point that the trial court erred in overruling his motion for
mistrial during the voir dire examination of the jury panel. Dickerson requested a mistrial after
one of the prospective jurors stated that he knew Dickerson and knew what he was charged with. 
The venire member also told the prosecutor that he felt he could render a verdict at the time of
voir dire. The prosecutor proceeded:
      Prosecutor:  But you haven't heard any evidence, so your verdict right now would have to
be not guilty. But —
      Venire Member: I didn't say that.
This venire member did not serve as a petit juror in the trial.
      Dickerson argues that by this response the prospective juror implied he would find Dickerson
guilty if selected to serve as a juror. The response tainted the whole panel, Dickerson argues,
particularly since the venire member stated that he grew up with Dickerson and went to the same
school with him.
      In order to show harm after a prospective juror makes a prejudicial comment about him,
Dickerson must show (a) that another prospective juror heard the remark, (b) that the venire
member who heard was prejudiced against him by the remark, and (c) that the prospective juror
who made the comment or the one who heard was forced upon him as a petit juror. Callins v.
State, 780 S.W.2d 176, 188 (Tex. Crim. App. 1986); Ashcraft v. State, 900 S.W.2d 817, 831
(Tex. App.—Corpus Christi 1995, pet. ref'd).
      The venire member made his remarks before the jury panel. Dickerson does not call our
attention to any place in the record which affirmatively demonstrates that another prospective juror
actually heard the comments. He does not provide any evidence that any other members of the
panel were influenced by the comments. He does not show that the venire member in question,
or others with similar views, were forced upon him. In fact, the prospective juror who made the
remarks was not selected to serve on Dickerson's jury.
      Because Dickerson has failed to show prejudice from the venire member's comments, we
overrule his first point of error.
      Dickerson complains in his second point that the chemist had no sufficient basis for her expert
testimony that the substance in question was cocaine. This is so, he argues in his third point,
because the State failed to prove up a complete chain of custody for the cocaine.
      Officer Bill Schmidt testified that Dickerson sold him three rocks of crack cocaine during an
undercover operation conducted at Dickerson's apartment. Schmidt took the cocaine to his office,
placed it in an evidence bag, marked and sealed the bag, and then placed it into a lockbox. When
this evidence was offered at trial, Dickerson's name had been written on the evidence bag in blue. 
Schmidt testified that he did not make this notation on the evidence bag.
      Another officer, Anna Barrera, testified that her supervisor, Mitch Bartley, also had access
to the lockbox. Bartley removed the cocaine from the lockbox for officer Anna Barrera. She
delivered it to the Department of Public Safety laboratory in Garland. The blue writing was not
on the bag when she delivered it to the DPS lab. It was on the bag when she retrieved it,
however. After retrieving the cocaine from the lab, Barrera returned it to the lockbox. She did
not open the bag or otherwise tamper with its contents during the delivery or return of the
evidence.
      DPS chemist Kay Davis testified that she conducted an analysis of the cocaine after retrieving
it from the laboratory's vault. The bag was sealed when she removed it from the vault. After
completing the testing, she resealed the bag and placed it back in the vault.
      Each of the witnesses testified that the cocaine appeared to be in the same or similar condition
as when they had possessed this evidence prior to trial.
      To adequately establish a chain of custody for such evidence, the State must offer sufficient
proof to connect the evidence to the defendant and to the offense with which he is charged,
"evidence having that degree of security and integrity to justify its admission." Moore v. State,
821 S.W.2d 429, 431 (Tex. App.—Waco 1991, no pet.); Tex. R. Crim. Evid. 901(a). Mere
"`theoretical breaches in the chain of custody' will not affect admissibility in absence of
`affirmative evidence of tampering or commingling.'" Moore, 821 S.W.2d at 431 (quoting Stone
v. State, 794 S.W.2d 868, 870 (Tex. App.—El Paso 1990, no pet.). The trial court's decision to
admit such evidence will not be disturbed unless an abuse of discretion is shown. See Moore, 821
S.W.2d at 431.
      Dickerson presented no affirmative evidence of tampering or other interference with the
security and integrity of the cocaine. Thus, we cannot say that the trial court abused its discretion
in admitting this evidence. We overrule Dickerson's third point of error.
      Because the cocaine was admissible and because Dickerson does not otherwise contest Davis'
expert qualifications, we hold that Davis had a sufficient basis for her testimony. See Tex. R.
Crim. Evid. 705(c). Therefore, we overrule Dickerson's second point of error.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Affirmed
Opinion delivered and filed February 5, 1997
Do not publish