Paul Douglas Thompson v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-316-CR

     PAUL DOUGLAS THOMPSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 31913
                                                                                                                

O P I N I O N
                                                                                                                

      The trial court convicted the appellant, Paul Douglas Thompson, of the offense of possession
of a controlled substance of less than one gram and assessed a punishment of two years’
incarceration in the State Jail Division of the Texas Department of Criminal Justice, suspended
for five years. See Tex. Health & Safety Code Ann. § 481.116(b) (Vernon Supp. 1998); Tex.
Pen. Code Ann. § 12.35 (Vernon 1994). Thompson appeals his conviction contending the trial
court erred in admitting into evidence contraband seized by the police at the time of Thompson’s
arrest because (1) it was not properly identified and (2) it was discovered during an illegal search. 
We affirm.
      Thompson was arrested during the early morning hours of June 8, 1997, at a rest area located
off Interstate 35 within the city limits of Burleson, Texas. According to the evidence adduced
during trial, Officers Daniel Carlson and Johnny Schumacher of the Burleson Police Department
encountered Thompson during a routine “close patrol” of the rest area, which was known to be
a site where illegal activity frequently occurred.


 After inspecting the men’s restroom, Officer
Carlson initiated conversation with Thompson. According to Officer Carlson’s testimony, he
requested some identification from Thompson after learning that Thompson was not very far from
his home in Egan. Thompson and the officers agree that, when Thompson removed his wallet
from his left front pants’ pocket, a plastic bag became partially visible. When Officer Carlson
inquired about the bag, Thompson said it was marijuana and voluntarily gave it to the officers. 
Officer Carlson then asked Thompson if he had a vehicle at the rest area. Thompson did, and
when asked, consented to a search of his truck. During the search of the truck, the officers
located two separate plastic bags


 containing marijuana cigarette butts and a plastic bag containing
a “fibrous material” and what was later determined to be methamphetamine residue. The officers
also found and seized a packet of syringes, rolling papers, and a dresser drawer in which some of
the items were found. 
      Thompson contends in the first issue presented for our review that the trial court erred in
admitting State’s Exhibits Numbers 1 and 2 into evidence.


 Thompson argues that, because one
of the arresting officers could not properly identify the fibrous substance found inside one of the
plastic bags, the chain of custody was not properly established and the court should have not
admitted the plastic bag and its contents into evidence. We disagree.
      Prior to the adoption of the Rules of Criminal Evidence, proof of a chain of custody was
required to properly authenticate or identify an item when the item’s connection to the accused was
put at issue. Moore v. State, 821 S.W.2d 429, 431 (Tex. App.—Waco 1991, no pet.). However,
with the adoption of the rules of evidence, proof of a chain of custody became a manner in which
to satisfy the authentication or identification component of the evidence rules. See id. Rule 901
of the Rules of Criminal Evidence provides:
The requirement of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a finding that the matter in
question is what its proponent claims.

Tex. R. Crim. Evid. 901, 49 Tex. B.J. 232 (Tex. Crim. App. 1986, amended 1998).


 This court
has held that to satisfy the requirement of Rule 901:
[T]he [S]tate must adduce such proof to establish that the evidence is what the [S]tate says
it is—evidence connected to the defendant and to the offense—evidence having that
degree of security and integrity to justify its admission.

Moore, 821 S.W.2d at 431.
      At trial, the following colloquy occurred between Thompson’s attorney and Officer
Schumacher:
[DEFENSE:]Okay. And then 5, what’s 5 supposed to be?



 
[SCHUMACHER:]A clear baggie with another piece of fibery substance and liquid
inside the baggie.
 
[DEFENSE:]Okay. Do we know what the fibery substance is?
 
[SCHUMACHER:]I do not, sir, not offhand.
 
[DEFENSE:]Okay. When you say a “fibery substance[,]” does that mean like
cotton or something?
 
[SCHUMACHER:]Possibly, yes.
 
[DEFENSE:]Okay. Is the fibery substance supposed to be the illegal substance
itself, or is that something to preserve it?
 
[SCHUMACHER:]I can’t testify exactly what the fibery substance is. I can’t be
qualified to answer that specifically.

      There is no dispute that Officer Schumacher did not identify the “fibery substance” found in
the plastic bag; however, he did identify the plastic bag as being one of the bags he seized from
Thompson’s truck. He further testified that, after the items were taken from Thompson’s truck,
they were secured in the Burleson Police Department Property Room until the time of trial. 
Moreover, the State introduced, without objection, the forensic lab report which included an
analysis of the plastic bag with the fibrous material. The plastic bag was found to have
methamphetamine residue in it.
      We believe that Officer Schumacher’s testimony—that the plastic bag containing the fibrous
substance was the same bag taken from Thompson’s truck—coupled with the lab report identifying
methamphetamine residue in that same plastic bag satisfies the requirement of Rule 901. The State
linked the plastic bag containing the fibrous material to Thompson and connected that plastic bag
to the charged offense of possession of a controlled substance with the lab report. See id. 
Consequently, we cannot say the trial court abused its discretion in admitting State’s Exhibit
Number 1 into evidence. See Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993)
(trial court’s ruling on the admission of evidence will not be overturned absent an abuse of
discretion); Lee v. State, 874 S.W.2d 220, 222 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)
(sufficiency of the predicate is also within the discretion of the trial court). Thompson’s first issue
is overruled. 
      In the second issue presented for our review, Thompson argues the trial court erred in
admitting the plastic bags of marijuana, the plastic bag of methamphetamine residue, the syringes,
the rolling papers, and the dresser drawer. Thompson maintains this evidence should have been
excluded because it was found during the course of an illegal search and seizure of both
Thompson’s person and his vehicle. However, Thompson has failed to preserve his complaint for
our review.
      To preserve a complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion that states the specific grounds for the desired ruling if the
grounds are not apparent from the content of the request, objection, or motion. See Tex. R. App.
P. 33.1(a)(1); see also Tex. R. Crim. Evid. 103, 49 Tex. B.J. 221 (Tex. Crim. App. 1986,
amended 1998); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Additionally,
the complaint raised on appeal must correspond to the request, objection, or motion made at trial. 
See Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). In other words, an objection
which states one legal theory cannot be used to support a different legal theory on appeal. 
Broxton, 909 S.W.2d at 918. Despite his complaint on appeal, Thompson did not raise before the
trial court the issue that the evidence admitted at trial was the product of an illegal search. At
trial, Thompson objected to the admission of the evidence on the basis that the chain of custody
had not been properly established. Consequently, we hold that Thompson’s complaint on appeal
does not comport with the objection he made at trial; therefore, Thompson has failed to properly
preserve his complaint for our review, and the complaint is overruled. See id.; see also Webb v.
State, 899 S.W.2d 814, 819 (Tex. App.—Waco 1995, no pet.).
      The judgment is affirmed.

                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed August 12, 1998
Do not publish