NO. 07-01-0091-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



MAY 24, 2002



______________________________




MICHAEL R. WEST, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,386-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Michael R. West appeals from his conviction for murder and punishment
of incarceration for life. We affirm.

 On November 12, 1994, appellant attacked fellow inmate Alfred R. Mingo with an
improvised weapon fashioned out of a padlock and chain. (1) Mingo was rendered comatose
by the injuries he sustained during the attack. On June 23, 1997, Mingo died from
complications stemming from the injuries he suffered during the attack.

 Appellant was charged by indictment in the 47th District Court of Potter County with
Mingo's murder. The case was tried to a jury. The jury found appellant guilty and
sentenced him to life imprisonment in the Institutional Division of the Texas Department
of Criminal Justice. 

 Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in
Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that the appeal is frivolous. 

 In reaching the conclusion that the appeal is frivolous, counsel advances three
possible issues. Those issues are based on whether (1) appellant was denied effective
assistance of counsel due to trial counsel's failure to file a motion to suppress the padlock
and chain alleged to have been used by appellant as the murder weapons; (2) appellant
was denied effective assistance of counsel due to trial counsel's failure to "adequately"
object to the admission of the padlock and chain; and (3) the trial court erred in admitting
the padlock and chain into evidence. Each of the three possible issues advanced by
counsel is predicated on an apparent gap in the chain of custody for the padlock and
chain. After referencing, analyzing and discussing both the record, counsel has discussed
why, under the controlling authorities, there is no arguably reversible error in the trial
court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). In
concluding that the appeal is without merit, counsel notes that, absent evidence of
tampering, gaps in the chain of custody affect only the weight of the evidence, not its
admissibility. See Moore v. State, 821 S.W.2d 429, 431 (Tex.App.--Waco 1991, no pet.). 


 Counsel notes that according to testimony, the padlock and chain that were later
admitted into evidence were the same ones that were recovered from the scene of the
attack. The padlock and chain were identified as being in the same condition they were
in when recovered from the crime scene. We agree with counsel that any gaps in the
chain of custody affected the weight of the evidence, not its admissibility. Id. Therefore,
the trial court did not err in admitting the items as evidence over appellant's objections. 
Moreover, because the items were admissible, trial counsel was not ineffective for failing
to file a pretrial motion to suppress the items or for failing to "more adequately object" to
the items. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996); Calderon v.
State, 950 S.W.2d 121, 132 (Tex.App.--El Paso 1997, no pet.). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. Appellant has not filed a response to counsel's motion and brief.

 We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). We have found no such grounds. We agree that the appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Justice



Do not publish. 

1. Both appellant and Mingo were then incarcerated in the Texas prison system.