NO. 07-01-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 24, 2002

_____

MICHAEL R. WEST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,386-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Michael R. West appeals from his conviction for murder and punishment of incarceration for life. We affirm.

On November 12, 1994, appellant attacked fellow inmate Alfred R. Mingo with an improvised weapon fashioned out of a padlock and chain.[1] Mingo was rendered comatose

_____

[1]Both appellant and Mingo were then incarcerated in the Texas prison system.

by the injuries he sustained during the attack. On June 23, 1997, Mingo died from complications stemming from the injuries he suffered during the attack.

Appellant was charged by indictment in the 47th District Court of Potter County with Mingo's murder. The case was tried to a jury. The jury found appellant guilty and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is frivolous, counsel advances three possible issues. Those issues are based on whether (1) appellant was denied effective assistance of counsel due to trial counsel's failure to file a motion to suppress the padlock and chain alleged to have been used by appellant as the murder weapons; (2) appellant was denied effective assistance of counsel due to trial counsel's failure to "adequately" object to the admission of the padlock and chain; and (3) the trial court erred in admitting the padlock and chain into evidence. Each of the three possible issues advanced by counsel is predicated on an apparent gap in the chain of custody for the padlock and

chain. After referencing, analyzing and discussing both the record, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). In concluding that the appeal is without merit, counsel notes that, absent evidence of tampering, gaps in the chain of custody affect only the weight of the evidence, not its admissibility. See Moore v. State, 821 S.W.2d 429, 431 (Tex.App.--Waco 1991, no pet.).

Counsel notes that according to testimony, the padlock and chain that were later admitted into evidence were the same ones that were recovered from the scene of the attack. The padlock and chain were identified as being in the same condition they were in when recovered from the crime scene. We agree with counsel that any gaps in the chain of custody affected the weight of the evidence, not its admissibility. Id. Therefore, the trial court did not err in admitting the items as evidence over appellant's objections. Moreover, because the items were admissible, trial counsel was not ineffective for failing to file a pretrial motion to suppress the items or for failing to "more adequately object" to the items. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996); Calderon v. State, 950 S.W.2d 121, 132 (Tex.App.--El Paso 1997, no pet.).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

3

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Justice


Do not publish.


4