In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00103-CR


______________________________




TERRY WAYNE PHILLIPS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,126-2002




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Terry Wayne Phillips appeals his conviction for aggravated sexual assault, with an
enhanced sentence. Phillips entered a plea of not guilty and was tried before a jury. The
jury found Phillips guilty, and the court assessed a life sentence. During the trial, the court
admitted into evidence a latex glove and a latex glove fingertip, both of which contained
DNA evidence. In this appeal, Phillips contends the trial court erred in admitting the glove
and the glove fingertip due to improper chain of custody. We overrule these contentions
and affirm the judgment.

 On the morning of March 20, 2001, Wanda Hass was leaving her home in Wood
County to go to work when she was confronted at her back door by a man wearing a
hooded sweatshirt with writing, a toboggan cap, jeans, work boots with speckles of white
material on them, and latex gloves. The man's face was covered by the toboggan cap, and
he was carrying a black pistol that Hass described as having a "shiny metal thing" across
it. The man forced Hass back into her home, where he demanded money. Hass gave him
three dollars she took from a dresser drawer. The man took thirty to forty dollars from
Hass' purse and was unable to find more money. He then blindfolded Hass, tied her hands
behind her, and struck her on the head. He forced her onto a bed, removed her shoes,
jeans, and underwear, and sexually assaulted her. Hass testified that throughout the
ordeal she feared the assailant would kill her. 

 Officers from the Wood County Sheriff's Department, who investigated the incident,
found a latex glove, missing one fingertip, in front of Hass' house. Hass was taken to a
hospital for a sexual assault investigation. In the course of this investigation, a nurse took
a latex glove fingertip from the zipper of Hass' jeans. The day after Hass was assaulted,
she recalled that the voice of her assailant may have been Phillips' voice. Phillips had
worked at a convenience store Hass owned. He had also dated her granddaughter and
had been in her home. 

 A search by the officers of Phillips' residence and car yielded a pair of jeans, a
hooded sweatshirt with writing, boots with white speckles, a toboggan cap, a box of latex
gloves of the same brand as they found in front of Hass' house, and a black CO2 BB pistol
with a silver stripe on the side of the barrel. 

 The latex glove and glove fingertip were analyzed by a crime laboratory. DNA from
three persons was found on the glove. The laboratory linked the DNA to three individuals: 
Hass, Phillips, and an unknown person. The chemist testified Phillips' DNA profile
matched one of the DNA profiles found on the glove to a certainty of one match in 297
million people. The only DNA found on the glove fingertip was identified as most likely
from Hass. 

 Phillips contends the failure of the officers to seal the bag containing the latex glove
and the failure by certain custodians to place their initials on the containers in which the
glove and the glove fingertip were placed constitutes improper chain of custody. Phillips
contends the admission of the glove and the glove fingertip into evidence was reversible
error. The State asserts two bases on which it contends no error occurred: 1) the glove
and glove fingertip were unique, and 2) proper chain of custody was established.

 The Texas Rules of Evidence require a party who offers an item into evidence
establish that the item is what the party represents it to be. Tex. R. Evid. 901(a); Avila v.
State, 18 S.W.3d 736, 739 (Tex. App.-San Antonio 2000, no pet.). Distinctive
characteristics "taken in conjunction with [the] circumstances" may be sufficient to establish
an item is what a party represents it to be. Tex. R. Evid. 901(b)(4). If the item does not
have any unique characteristic, a chain of custody may be required to prove the item
presented is the same item involved in the events at issue. Jackson v. State, 968 S.W.2d
495, 500 (Tex. App.-Texarkana 1998, pet. ref'd). Absent a clear abuse of discretion, the
trial court's ruling on the admission of evidence will not be overturned. Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Ennis v. State, 71 S.W.3d 804, 808 (Tex.
App.-Texarkana 2002, no pet.). A reviewing court should not reverse a trial court's ruling
on the admissibility of evidence that is within the "zone of reasonable disagreement."
Green, 934 S.W.2d at 102; Ennis, 71 S.W.3d at 808. The only question before us is
whether the trial court abused its discretion by admitting the latex glove or the latex glove
fingertip. 

 The State first contends the glove possesses sufficient unique characteristics to
establish that it is what the State represents it to be. "When the evidence is an object or
document with unique or distinctive characteristics, the testimony of a person who
perceived the item at the relevant time normally suffices to identify the evidence in court."
Jackson, 968 S.W.2d at 500. Thus, admittance under the unique characteristics theory
requires two parts: unique characteristics and testimony identifying the item by the person
who seized it.

 The State contends the glove is unique. The State presents no evidence of the
glove's unique characteristics, but argues that a glove missing a fingertip is unique per se. 
The seizing officer testified the glove was the same as the one in the photograph taken at
the scene. In Jackson, the court held that a pair of blood-stained jeans could be admitted
as unique based on the testimony of the defendant's wife, who had personal knowledge
of the jeans. Id. The Texas Court of Criminal Appeals and the Austin Court of Appeals
have held that an audiotape where the voices were identified could be admitted as
distinctive. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998); Manemann v.
State, 878 S.W.2d 334 (Tex. App.-Austin 1994, pet. ref'd). 

 There is no evidence in the instant case the glove in question is any more unique
than any other latex glove with a missing fingertip. The record does not contain any
comparison of the tears in the glove, the size or shape of the missing glove fingertip, or any
other distinctive markings of the fingertip. Nonetheless, an item not having distinctive
characteristics may still be established as the item the offering party represents it to be if
the sponsoring witness has marked it with distinctive markings. This was the effect of the
holding in Ballard, where the Waco court held that, "[a] chain of custody must be
established 'when items not having distinctive characteristics [have] not been marked with
distinctive markings by the sponsoring witness, . . . .'" Ballard v. State, 23 S.W.3d 178, 183
(Tex. App.-Waco 2000, no pet.), quoting Moore v. State, 821 S.W.2d 429, 431 (Tex.
App.-Waco 1991, no pet.). 

 When Tony Ingram, an officer with the criminal investigation division of the sheriff's
department, seized the glove, he noted on the glove the case number, the date, and his
initials. He recognized this notation at trial as his notation. The conclusion that such
distinctive markings make the glove sufficiently unique that no chain of custody was
required is consistent with the Waco court's analysis in Ballard. However, we are not
compelled to reach this conclusion, because we agree that an adequate chain of custody
was established at trial. 

 The chain of custody of an item is conclusively established "when the seizing officer
testifies: (1) that he seized the physical evidence, (2) that he has identified his personal
mark on the evidence, and (3) that he placed into and retrieved the item of evidence from
the property room." Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). In the
instant case, Ingram testified he collected the glove at the scene, made a notation of the
case number and the date on it, and placed his initials on it. He then put the glove in a
brown bag. He does not recall whether he sealed the bag. Ingram transferred the bag to
Noel Martin, a fingerprint expert in Smith County, who attempted to recover fingerprints
from the glove. Martin testified the glove was in his possession for six days before Ingram
retrieved it from him. Martin acknowledged he failed to initial the bag. He did testify,
however, that he remembers the glove because it was the only latex glove with a missing
fingertip he received from Wood County that month. Ingram testified that, after he
retrieved the bag from Martin, he secured it in the evidence room under the supervision of
Joyce Box, the lieutenant over criminal investigations with the sheriff's department. Ingram
did not make any notations of this transfer on the bag or on the glove. Later, Ingram
sealed and stapled the bag immediately before it was transferred to the Southwest Institute
of Forensic Science (SWIFS) in Dallas. Steven Russell, an investigator with the sheriff's
department, and Box transported the glove to SWIFS. Box noted her initials on the bag. 
Jackie Harris, the evidence registrar at SWIFS, testified she received the glove in a sealed
container, initialed the container, and assigned it a case number and an item number. 
Melissa Sweetland, a biologist at SWIFS, testified she properly stored the glove in a
freezer, noted her possession, and took samples of DNA from the glove, following protocol. 

 Although the chain of custody documentation and care of the evidence could have
been better, we hold the trial court did not abuse its discretion in admitting this evidence. 
A reasonable person could conclude the glove presented at trial was the glove found at the
scene. Although Ingram and Martin failed to note their custody properly, these
imperfections went to the weight of the evidence rather than to its admissibility. See Ennis,
71 S.W.3d at 808 (proof of chain of custody goes to weight rather than admissibility of
evidence). The requirements of Lagrone were satisfied. See Lagrone, 942 S.W.2d at 617.
 The State defends admission of the glove fingertip on the same bases as it did the
glove: that the glove fingertip was of sufficient individuality to be identified without a chain
of custody and that the chain of custody for the glove fingertip was adequately established.

 Although the State argues the glove fingertip possesses sufficient unique
characteristics to be admitted without the requirement of proving a chain of custody, unlike
the glove, the glove fingertip was not marked with any notation. The State presented no
evidence of the glove fingertip's unique characteristics. We do not believe a reasonable
person could conclude on the evidence presented that the glove fingertip in question is any
different from any other latex glove fingertip. A chain of custody must be established when
an item has not been marked with distinctive markings or possesses distinctive
characteristics. Ballard, 23 S.W.3d at 183. We conclude, therefore, the State was
required to establish a chain of custody for the glove fingertip. 

 The State contends the chain of custody established at trial was adequate. We
agree. Box noted at the scene that a latex glove fingertip was caught in the zipper of Hass'
jeans. Shana DeFoy Robinson, a nurse who performed the rape examination at the
hospital, testified she seized the glove fingertip at the hospital and put it in a sealed
envelope. She noted her initials on red tape across the seal. She gave this evidence to
Colin Kovic, an investigator with the sheriff's department. Kovic initialed and dated the
envelope. Kovic testified he gave the glove fingertip to Martin, who tested it for fingerprints. 
Martin failed to document his custody of this evidence. Ingram picked up the glove
fingertip and transported it to SWIFS. Harris and Sweetland properly documented and
cared for the glove fingertip at SWIFS. Again, the requirements of Lagrone were satisfied. 
See Lagrone, 942 S.W.2d at 617. The testimony at trial established that the evidence was
seized, tagged, and the chain of custody established up to trial. The imperfection of Martin
failing to initial the envelope to document his custody goes to the weight of the evidence
at trial rather than its admissibility. See Ennis, 71 S.W.3d at 808. (1) 

 There is adequate support in the record for the admission of both the latex glove
and the latex glove fingertip. The latex glove was sufficiently unique to be introduced with
the testimony of just the seizing officer. The chain of custody of both the glove and the
glove fingertip were adequately established within the "zone of reasonable disagreement."
Any imperfections in proof of the chain of custody go to the weight of the evidence rather
than the admissibility. We conclude both the glove and the glove fingertip were properly
admitted within the discretion of the trial court.


 We affirm the judgment. 


 Donald R. Ross

 Justice


Date Submitted: March 19, 2003

Date Decided: June 3, 2003


Do Not Publish


1. Phillips concedes that improper admission into evidence of the glove fingertip was
not, by itself, harmful error. The fingertip contained only Hass' DNA and thus did not, by
itself, link Phillips to the sexual assault.